**E-FILED**
Friday, 10 July, 2015 04:44:18 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | Case No. 14-CR-20048-004 |
| JASON T. GMOSER, f.k.a. JOHN DOE #4, Defendant. | ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY FROM DR. STUART W. BASSMAN**

The United States of America, by and through its attorneys, James A. Lewis, United States Attorney for the Central District of Illinois, Assistant United States Attorney Elly M. Peirson, and Trial Attorney, Keith A. Becker, moves this Court in limine to exclude expert testimony from Dr. Stuart Bassman. In support thereof, the government states the following:

Background

1. On September 9, 2014, the Springfield Grand Jury charged three individuals, Brian Davis, Andrew Hoff, and David Delalio, as co-conspirators, with engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g); conspiracy to advertise child pornography, in violation of 18 U.S.C. §§ 2251(d)(1)(A) and (e); and conspiracy to distribute child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), in the Central District of Illinois. On October 7, 2014, the Grand

Jury added two additional defendants, Jason T. Gmoser and Dakota K. Martin, based on their participation in this single criminal conspiracy. The Indictment alleges that these individuals were members and administrators of the same Internet website whose purpose was to advertise and distribute child pornography.

2. On December 9, 2014, this Court ordered that Defendant Gmoser undergo a mental health evaluation pursuant to 18 U.S.C. § 4242, to determine his mental state at the time of the alleged offense.

3. On April 22, 2015, Dr. Betsy Campbell, a Forensic Psychologist with the Federal Medical Center in Lexington, Kentucky, submitted her report to this Court that concluded, "[n]either the facts of the case nor Mr. Gmoser's current clinical presentation suggested he was suffering from symptoms of a mental disorder that impaired his ability to appreciate the nature and quality or wrongfulness of his actions at the time of the alleged offense." (R.105,p.13)

4. The United States has recently learned that the defense retained Dr. Stuart Bassman, Ed.D., a psychologist who specializes in treating individuals with sexual disorders. On July 7, 2015, the United States received Dr. Bassman's report which concludes that the defendant "sees nothing wrong with viewing [child pornography], or with an adult's having sexual contact with children. He sees adults' having sex with children as a way to make the children happy, and denies that young children do not have the capacity to give consent to such interactions." Dr. Bassman further concludes that the defendant suffers from developmental difficulties, specifically mild autism, lacking the empathy needed to "develop an understanding, appreciation and

application of social growth and development." Because the defendant's "perceptions depart so substantially from that of a reasonable and rational person living in our culture", Dr. Bassman concludes that the defendant's perceptions are inconsistent "with a clear and cogent sense of reality and appreciation of the wrongfulness" of his conduct.

5. On July 9, 2015, the United States learned that the defense intends to call Dr. Bassman to support their affirmative defense of insanity.

<u>Legal Analysis</u>

6. Federal law provides that it is an affirmative defense to a prosecution under any Federal statute that, (a) at the time of the commission of the acts constituting the offense, the defendant, (b) as a result of (c) a severe (d) mental disease or defect, (e) was unable to appreciate the nature and quality or the wrongfulness of his acts. 18 U.S.C. § 17(a). "Mental disease or defect," however, "does not otherwise constitute a defense." *Id.* The Federal Rules of Evidence provide that in a criminal case, "an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed.R.Evid. 704(b). The defendant has the burden of proving the defense of insanity by clear and convincing evidence. *See* 18 U.S.C. § 17(b).

7. "Insanity" under 18 U.S.C. § 17, is a legal term. The inquiry is not whether a defendant is insane by psychiatric or psychological standards. Rather, the inquiry is only whether a defendant has established insanity as defined by 18 U.S.C. § 17.

8. At the outset, Dr. Bassman does not diagnose Defendant Gmoser with a severe mental disease or defect. Instead, his primary diagnosis is Pervasive Developmental Disorder, Not Otherwise Specified or autism spectrum disorder. Dr. Campbell considered this diagnosis as well, but acknowledged that Defendant Gmoser never had a diagnosis in childhood and did well in school without the assistance of a special education program. (R.105,p.11-12) Dr. Bassman notes that Defendant Gmoser suffers from mild autism.

9. More importantly, Dr. Bassman's opinions do nothing to negate the defendant's *mens rea*. The Defendant disagrees with the law and thinks that sexual contact with minors and trafficking child pornography should be legal. This does not meet the legal standard of insanity. It is Pedophilia, which has been rejected as mental disease of defect. *United States v. Danser*, 110 F.Supp.2d 807 (S.Ind. 1999).

10. Defendant Gmoser cannot meet the threshold inquiry that he suffers from a severe mental disease or defect. Autism, even if severe, does not cause an individual to become unable to appreciate the wrongfulness of his conduct. At best, Defendant Gmoser wants to present evidence to the jury that he subjectively believes sexual contact with minors should not be illegal because it makes "children happy," and incidentally, he may be mildly autistic. Defendant Gmoser's subjective belief is irrelevant to the jury's determination. "Wrongfulness" for purposes of the federal insanity defense statute is defined by an "objective societal or public standards of moral wrongfulness, not the defendant's subjective personal standards of moral

wrongfulness." *United States v. Ewing*, 494 F.3d 607, 621 (7th Cir. 2007) (affirming the district court's rejection of the defendant's insanity instruction).

11. Therefore, Defendant Gmoser has no relevant issue to present the trier of fact through Dr. Bassman. "A defendant is not entitled to have the jury consider a defense for which there is no probative evidence." *United States v. Rainone*, 32 F.3d 1203, 1208 (7th Cir. 1994) (affirming district court's refusal to allow defendant to introduce evidence at trial of his Alzheimer's disease, as there was no evidence he had it when the conspiracy was ongoing). The testimony of Dr. Bassman may be relevant to the defendant at sentencing, but it is irrelevant to the question of guilt or innocence, which is the only question properly placed before the jury. To allow Dr. Bassman to testify would be to inject needlessly a host of psychological issues that would only serve to confuse and potentially mislead the jury, waste time, and unduly delay the trial. It would also invite jury nullification. These risks substantially outweigh any probative value Dr. Bassman's testimony might possibly have. Accordingly, pursuant to Rule 403, this Court should not allow him to testify at the trial.

Respectfully submitted this the 10th day of July 2015.

JAMES A. LEWIS
UNITED STATES ATTORNEY

By: *s/Elly M. Peirson*
Elly M. Peirson, IL Bar No. 6298075
Assistant United States Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
elly.peirson@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2015, I electronically filed the forgoing response with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Jon Gray Noll
Noll Law Office, LLC
930 E. Monroe St.
Springfield, IL 62701
noll@noll-law.com

Mark Wykoff
**Wykoff Law Office, LLC**
919 South Eight Street
Springfield, IL 62703
mark@wykofflaw.com

Scott J. Frankel
FRANKEL & COHEN
Suite 1615
53 W. Jackson
Chicago, IL 60604
scottfrankel@aol.com

Bradley M. Kraemer, Esq.
Caparella-Kraemer & Associates,LLC
4841-A Rialto Road
West Chester, Ohio 45069
Bradley@Caparellakraemer.com

Elisabeth Pollock
Assistant Federal Defender
300 W. Main St.
Urbana, IL 61802
Elisabeth_Pollock@fd.org

*s/Elly M. Peirson*
Elly M. Peirson, IL Bar No. 6298075
Assistant United States Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
elly.peirson@usdoj.gov