## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  14-CR-20048-004 |
| | ) | |
| JASON T. GMOSER, | ) | |
| f.k.a. JOHN DOE #4, | ) | |
| | ) | |
| Defendant. | ) | |

### THE UNITED STATES OF AMERICA'S BENCH MEMORANDUM
### RE: INSANITY AND MENTAL HEALTH EXPERT TESTIMONY

The United States of America, by and through its attorneys, James A. Lewis, United States Attorney for the Central District of Illinois, Assistant United States Attorney Elly M. Peirson, and Trial Attorney, Keith A. Becker, submits the following memorandum regarding the anticipated testimony of several mental health experts addressing the defendant's affirmative defense of insanity.

Defendant Jason T. Gmoser provided timely notice of his intent to assert the affirmative defense of insanity. (R. 67)  The government moved for a psychiatric evaluation of Defendant Gmoser pursuant to 18 U.S.C. § 4242(a). (d/e 12/5/2014)  This Court granted the Government's motion. (R.70)  On April 22, 2015, Dr. Betsy Campbell, a Forensic Psychologist with the Federal Medical Center in Lexington, Kentucky, submitted her report to this Court. (R.105)  Defendant Gmoser retained Dr. Stuart Bassman to conduct an additional psychiatric evaluation.  After reviewing Dr.

Bassman's report, the government moved to exclude his testimony, arguing that Defendant Gmoser did not meet the first statutory prong of the legal definition of insanity, that he suffered from a severe mental disease or defect at the time of the offense.  This Court denied the government's motion and held that Dr. Bassman's testimony and diagnosis of Pervasive Developmental Disorder, NOS, based on his report and addendum are admissible. (R. 129)

It is the government's understanding that Defendant Gmoser intends to call Dr. Stuart Bassman and Dr. Scott Bressler as witnesses to support his insanity defense, which is premised upon a diagnosis of Pervasive Developmental Disorder, NOS.  The government intends to call Dr. Judith Campbell and Dr. Bennett Leventhal, an expert in Autism Spectrum Disorder, as rebuttal witnesses.

Federal law provides that it is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. 18 U.S.C. § 17(a).  "Mental disease or defect," however, "does not otherwise constitute a defense." *Id.*  The defendant has the burden of proving the defense of insanity by clear and convincing evidence. 18 U.S.C. § 17(b).

**Prohibited Expert Testimony**

Under settled Seventh Circuit precedent, an expert may not express an opinion regarding whether the defendant, at the time of the crime, was able to appreciate the nature and quality or wrongfulness of his acts. *United States v. Brown*, 32 F.3d 236, 238

2

(7th Cir. 1994); *United States v. West*, 962 F.2d 1243, 1246 (7th Cir. 1992); Fed. R. Evid. 704(b) ("an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense.  Those matters are for the trier of fact alone.").  To the extent that Defendant Gmoser would seek to offer the opinion of an expert regarding whether Defendant Gmoser understood the nature and quality or wrongfulness of his acts, the government will object and move to strike any such testimony.

**Permissible Expert Testimony**

An expert may explain the basis for his or her diagnosis, describe the defendant's condition by giving the diagnosis itself and describe the characteristics of the affliction. *Brown*, 32 F.3d at 239.  The expert may also describe how such a condition would or might affect the ability of an ordinary person to appreciate the nature and quality or wrongfulness of his acts, or conform his conduct to the requirements of the law. *Id* ("testimony may be adduced exploring the particular characteristics of the mental disease and whether those characteristics render one afflicted with the disease able to appreciate the wrongfulness or the nature and quality of his behavior".)  The expert may also set out his or her "[m]edical and psychological knowledge" regarding the "mental disease or defect" that may affect the defendant because this information "help[s] the jury understand mental illness and its symptoms and effects." *United States v. Diekhoff*, 535 F.3d 611, 619-20 (7th Cir. 2008) (citing *United States v. Reno*, 992 F.2d 739, 742 (7th Cir.1993)).  As necessary in rebuttal, the government may elicit expert testimony consistent with that case law.

Further, while an expert may not give an opinion or inference that the defendant could not appreciate the wrongfulness of his conduct, the expert may relay factual statements the defendant made about the crime, even if these "facts included an admission that he knew what he was doing was wrong." *Diekhoff*. 535 F.3d at 620. Although this recitation of the defendant's statements is probative of the ultimate issue, it does not result from the expert's expertise or the application of the expert's technical knowledge to the facts of the case, and therefore does not infringe upon the province of the jury. *Id.* (citing *United States v. Romero,* 189 F.3d 576, 586 (7th Cir. 1999)).  As necessary in rebuttal, the government intends to elicit statements that Defendant Gmoser made to Dr. Campbell and Dr. Bassman regarding his knowledge and awareness of the illegality of his conduct.

**Definition of "Wrongfulness"**

The Seventh Circuit has determined that "wrongfulness" for purposes of the federal insanity defense statute is defined by "objective societal or public standards of moral wrongfulness, not the defendant's subjective personal standards of moral wrongfulness." *United States v. Ewing*, 494 F.3d 607, 621 (7th Cir. 2007) (affirming the district court's rejection of the defendant's proposed insanity instruction which read: "if [the defendant] appreciated his acts to be criminal but commits them because of a delusion that he was morally justified, then your verdict must be not guilty only by reason of insanity.").  In accord with *Ewing*, the Seventh Circuit model jury instructions

4

suggest, in appropriate circumstances, defining wrongfulness for the jury as "contrary to public morality and contrary to law." Pattern Criminal Jury Instructions Of The Seventh Circuit (2012 Ed.) Instruction 6.02.   In *Ewing*, the court cautioned that "not every insanity defense case calls for an instruction on the distinction between moral and legal wrongfulness" such as the one used in that case. *Id*. at 622-23.  There, the defense theory was premised on the defendant's "belief in the moral justification of attacking" the victim and a defense expert testified that the defendant told him that he "didn't consider what [he] was going to do as illegal or criminal because [he] was in the right." *Id*. at 623.  The court approved of the district court's interpretation that the statement meant "as evidence that [the defendant] knew his conduct was illegal but nevertheless considered his actions morally justified, and therefore an instruction on moral wrongfulness (as distinct from illegality or criminal wrongfulness) was necessary." *Id*.

Here, Dr. Bassman's report and addendum are replete with conclusory opinions based on the defendant's subjective belief regarding whether child pornography or sexual activity between adults and children is wrong (as opposed to illegal).  It is not yet clear how the defense will square Defendant Gmoser's admissions to understanding the illegality of his conduct with their theory of insanity.  However, to the extent that Defendant Gmoser seeks to have the jury instructed that "wrongfulness" under the insanity statute is determined according to the defendant's subjective beliefs about

morality or moral justification, the government will oppose any such instruction, which is foreclosed by *Ewing*. The government further requests the Court to consider whether to include a further instruction pertaining to "wrongfulness" on the basis of the admitted evidence and defense theory at trial.

**Amended Instructions**

The United States also submits with this memorandum amended instructions in anticipation of Defendant Gmoser's assertion of insanity as an affirmative defense.

In addition, the United States requests that the Court charge the jury as to count one with the predicate offense of advertising child pornography only, but not distribution of child pornography. This will simplify the instructions and should obviate any potential need for a special verdict form as to the pertinent predicate offenses. Such modification will impact Government's Instruction 14, the Indictment, by striking the language on the third page under predicate offenses that states "and violations of Title 18, United States Code, Section 2252(a)(2), that is, the distribution of child pornography."

The United States is also seeking under Fed.R.Evid. 414, to use the defendant's prior acts of child molestation admitted in this Court's August 11, 2015 order (R.126) for the permissible purpose of negating the affirmative defense of insanity. Evidence of a prior act of child molestation by the defendant admitted pursuant to Fed. R. Evid. 414,

may be considered for "its bearing on any matter to which it is relevant."  The following

amended instructions more closely align with the anticipated evidence.

Respectfully submitted this the 3rd day of February 2016.


                              Respectfully submitted,

                              JAMES A. LEWIS
                              UNITED STATES ATTORNEY


                    By:     s/Elly M. Peirson
                            Elly M. Peirson, IL Bar No. 6298075
                            Assistant United States Attorney
                            201 S. Vine Street, Suite 226
                            Urbana, Illinois 61802
                            Telephone: (217) 373-5875
                            elly.peirson@usdoj.gov

                            s/Keith A. Becker
                            Keith A. Becker, NY Bar No. 4287967
                            Trial Attorney
                            Child Exploitation and Obscenity
                            Section
                            Department of Justice, Criminal Division
                            1400 New York Ave. NW, 6th Floor
                            Washington, DC 20530
                            (202) 305-4104 (office)
                            keith.becker@usdoj.gov

**Proposed Other Acts Instruction**

You have heard testimony and evidence that the defendant committed crimes, acts and wrongs other than the ones charged in the indictment.  Before using this evidence, you must decide whether it is more likely than not that the defendant did the crimes, acts or wrongs that are not charged in the indictment.  If you decide that he did, then you may consider this evidence to help you decide whether the defendant had a motive and intent to advertise and distribute material depicting sexually explicit conduct with minors, with respect to the charged offenses, or whether the defendant was unable to appreciate the nature and quality or the wrongfulness of his acts.  You may not consider it for any other purpose. Keep in mind that the defendant is on trial here for engaging in a child exploitation enterprise, conspiracy to advertise and conspiracy to distribute child pornography. The defendant is not on trial for the other crimes, acts or wrongs. Evidence of prior offenses on its own is not sufficient to prove the defendant guilty of the crimes charged in the Indictment. Bear in mind as you consider this evidence at all times, the government has the burden of proving that the defendant committed each of the elements of the offense charged in the indictment beyond a reasonable doubt.

Government's Instruction No. 27-A

Pattern Criminal Jury Instructions Of The Seventh Circuit (2012 Ed.) Instruction 3.11 (Modified)

**Proposed Other Acts Instruction Contemporaneous with the Evidence**

You are about to hear testimony and evidence that the defendant committed crimes, acts and wrongs other than the ones charged in the indictment.  Before using this evidence, you must decide whether it is more likely than not that the defendant did the crimes, acts or wrongs that are not charged in the indictment.  If you decide that he did, then you may consider this evidence to help you decide whether the defendant had a motive and intent to advertise and distribute material depicting sexually explicit conduct with minors, with respect to the charged offenses.  You may not consider it for any other purpose. Keep in mind that the defendant is on trial here for engaging in a child exploitation enterprise, conspiracy to advertise and conspiracy to distribute child pornography. The defendant is not on trial for the other crimes, acts or wrongs.

Evidence of prior offenses on its own is not sufficient to prove the defendant guilty of the crimes charged in the Indictment. Bear in mind as you consider this evidence at all times, the government has the burden of proving that the defendant committed each of the elements of the offense charged in the indictment beyond a reasonable doubt.

Government's Instruction No. 27-B

Pattern Criminal Jury Instructions Of The Seventh Circuit (2012 Ed.) Instruction 3.11 (Modified)

## **Proposed Elemental Jury Instructions – Count One**

Count One of the Indictment charges the defendant with engaging in a child exploitation enterprise. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

First, the defendant advertised child pornography (as defined later in these instructions) on three or more separate occasions between on or about May 12, 2012, and on or about October 7, 2014;

Second, the defendant committed those offenses in concert with three or more other persons; and

Third, the child pornography advertised involved more than one minor victim.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

If you find from your consideration of all the evidence that the defendant has proved the defense of insanity by clear and convincing evidence as to the charge you are considering, then you should find the defendant not guilty of that charge only by

reason of insanity. Clear and convincing evidence is not as high a burden as proof

beyond a reasonable doubt.

Further instructions as to the defense of insanity are contained on page [  ].

Government's Instruction No. 30-A

Pattern Criminal Jury Instructions Of The Seventh Circuit (2012 Ed.)Instruction 4.02,
(modified to conform with 18 U.S.C. § 2252A(g))

As to the first element of Count One, engaging in a child exploitation enterprise, it is a federal crime for any person to knowingly advertise child pornography. In determining whether the defendant advertised child pornography you must find that, with regard to each alleged incident, the government has proven each of the following elements beyond a reasonable doubt:

First, the defendant knowingly made, printed, or published, or caused to be made, printed, or published, a notice or advertisement; and

Second, the notice or advertisement sought or offered to: receive, exchange, buy, produce, display, distribute, or reproduce a visual depiction; and

Third, the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of the sexually explicit conduct; and

Fourth, the defendant knew that one or more of the individuals depicted were under the age of eighteen years; and

Fifth:

(a)     either the defendant knew or had reason to know that the notice or advertisement would be transported using any means or facility of interstate or foreign commerce, including by computer; or

(b)     the notice or advertisement was transported using any means or facility of interstate or foreign commerce, including by computer.

In order for you to find the first element of Count One has been satisfied, you must unanimously agree that each of the elements of advertising child pornography

has been established beyond a reasonable doubt as to each of the three or more

offenses.

Government's Instruction No. 31

18 U.S.C. § 2251(d)(1)(A) and 18 U.S.C. §  2252(a)(2)

The internet is a means and facility of interstate commerce.

Government's Instruction No. 34

H.R. 4120, pl 110-358, § 102, October 8, 2008, 122 stat. 4001. (Congressional findings*); see, e.g., Payne v. United States*, 2009 WL 2516332, *7, (N.D.Ind. 2009) (slip opinion) (use of the internet for carrying out criminal activity has been recognized to constitute the "use of a facility of interstate commerce" required to support federal jurisdiction.) (citing *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009), "It is beyond debate that the internet and email are facilities or means of interstate commerce."); *See also, United States v. Schaefer*, 501 F.3d 1197, 1204-05 (10th Cir. 2007) (proof of use of internet, without more, is sufficient to show the use of a facility of interstate commerce); *United States v. Evans*, 476 F.3d 1176, 1180-81 (11th Cir. 2007); *United States v. Lewis*, 554 F.3d 208, 215 (1st Cir. 2009); *United States v. Macewan*, 445 F.3d 237, 244 (3d Cir. 2006); *United States v. Runyon*, 290 f.3d 223, 239 (5th Cir. 2002).

As to the second element of Count One, engaging in a child exploitation enterprise, to act in concert with another person means the same as to engage in a conspiracy with that person.  In order for you to find that the defendant engaged in a conspiracy with three or more other persons to commit the offenses of advertising child pornography, the government must prove the following elements beyond a reasonable doubt with regard to the defendant's relationship with each of the three or more other persons:

First, that a conspiracy to commit the offense of advertising child pornography existed; and

Second, that the defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

In determining whether the defendant committed the three or more offenses in concert with three or more other persons, it is not necessary that each individual offense was committed in concert with three or more other persons. The required total of three other persons may be tallied by considering all of the offenses together.

Government's Instruction No. 35

Pattern Criminal Jury Instructions Of The Seventh Circuit (2012 Ed.) Instruction 5.08(B) (modified to conform to offenses).  Although the phrase "in concert with" is not defined in 18 U.S.C. § 2252A(g), each appellate court to consider the issue has concluded that the phrase "in concert with" in 18 U.S.C. § 2252A(g) requires proof of an agreement that would also constitute a conspiracy.  *See United States v. Wayerski*, 624 F.3d 1342, 1350-51 (11th Cir. 2010); *United States v. Daniels*, 653 F.3d 399, 412-413 (6th Cir. 2011) (citing *Wayerski*).  The Eleventh and Sixth Circuits in *Wayerski* and *Daniels*, respectively, each based its holding upon *Rutledge v. United States*, 517 U.S. 292, 300 (1996).  In *Rutledge*, the Supreme Court examined 18 U.S.C. § 846, the similar continuing criminal enterprise ("CCE") statute, which, like 18 U.S.C. § 2252A(g), contains a requirement that the

15

government prove criminal conduct to have been committed "in concert with" other persons.  Id. at 300.  The Supreme Court held that "because the plain meaning of the phrase 'in concert' signifies mutual agreement in a common plan or enterprise, . . . this element of the CCE offense requires proof of a conspiracy that would also violate § 846."  Id.       Further, it is not necessary that each individual predicate have been committed in concert with three or more other persons. Rather, "the required total of three other persons may be tallied by considering the predicate counts together." *Daniels*, 653 F.3d at 412.

## **Proposed Elemental Jury Instructions – Counts Two and Three**

Counts Two and Three of the Indictment charge the defendant with conspiracy to advertise child pornography and conspiracy to distribute child pornography, respectively. In order for you to find the defendant guilty of these charges, the government must prove each of the two following elements beyond a reasonable doubt:

First, the conspiracy as charged in Count Two or Three existed;

Second, the defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

If you find from your consideration of all the evidence that the defendant has proved the defense of insanity by clear and convincing evidence as to the charge you are considering, then you should find the defendant not guilty of that charge only by reason of insanity. Clear and convincing evidence is not as high a burden as proof beyond a reasonable doubt.

Further instructions as to the defense of insanity are contained on page [ ].

Government's Instruction No. 36-A

Pattern Criminal Jury Instructions Of The Seventh Circuit (2012 Ed.) Instruction 5.08(B)

In order to determine whether a visual depiction is a lascivious exhibition of the genitals or pubic area, you must consider the overall content of the visual depiction, while taking into account the age of the child depicted.  In considering the overall content of the image, you may, but are not required to, consider the following factors:

1.   Whether the focal point of the visual depiction is on the child's genitals or pubic area;

2.   Whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

3.   Whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4.   Whether the child is fully or partially clothed, or nude;

5.   Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

6.   Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

Exhibition of genitals or pubic area can encompass visual depictions of a child's genital or pubic area even when those areas are covered by clothing. It is not necessary that the images be intended or designed to elicit a sexual response in the average viewer, and you may consider whether the visual depictions would appeal to persons who are sexually attracted to children (i.e., "pedophiles").  Visual depiction need not

involve all of these factors to be a lascivious exhibition, and it is for you to decide the

weight or lack of weight to be given to any of these factors.

Government's Instruction No. 43

18 U.S.C. § 2256(2); *United States v. Price*, 775 F.3d 828, 839 (7th Cir. 2014)(discouraging the routine use of *Dost* factors). *But see*, *United States v. Noel*, 581 F.3d 490, 499–500 (7th Cir.2009) (it is not plain error to instruct the jury using the *Dost* factors); *United States v. Russell*, 662 F.3d 831, 843 (7th Cir.2011)(same); *United States v. Kemmerling*, 285 F.3d 644, 646 (8th Cir. 2002); *United States v. Amirault*, 173 F.3d 28 (1st Cir. 1999); *United States v. Dost*, 636 F.Supp. 828, 832 (S.D.Cal. 1986), *aff'd sub nom. United States v. Weigand*, 812 F.2d 1239 (9th Cir. 1987); *United States v. Knox*, 32 F.3d 733 (3rd Cir. 1994); *United States v. Horn*, 187 F.3d 781 (8th Cir. 1999); *United States v. Moore*, 215 F.3d 68 (7th Cir. 2000); *United States v. Noel*, (7th Cir. 2009). The instruction is based on a similar instruction in the Eleventh Circuit Pattern Jury Instructions for 18 U.S.C. § 2252 (1997) (modified); similar instruction given in *United States v. Muick*, No. 97-30004 (C.D.Ill. Sept. 25, 1997) (modified); *United States v. Fletcher*, No. 07-10043 (C.D. Ill. January 29, 2008); *United States v. Roux*, No. 09-10022 (C.D. Ill. August 24, 2009); *United States v. Pearl*, 89 F.Supp.2d 1237 (D.Utah 2000) (modified).

### Proposed Insanity Instruction

Defendant has asserted a defense of insanity.  Accordingly, if you find beyond a reasonable doubt that the government has proven that Defendant committed the crimes charged in Counts One, Two or Three of the Indictment, then you must also decide whether to find the defendant not guilty only by reason of insanity.

The defendant has the burden of proving the defense of insanity by clear and convincing evidence.  Accordingly, you must find the defendant not guilty by reason of insanity if you find that he has proven by clear and convincing evidence that, at the time he committed the offense, he had a severe mental disease or defect that rendered him unable to appreciate the nature and quality of what he was doing, or that rendered him unable to appreciate that what he was doing was wrong [that is, contrary to public morality and contrary to law].

Clear and convincing evidence is not as high a burden as proof beyond a reasonable doubt.

Government's Instruction No. 46

O'Malley, Federal Jury Practice And Instructions § 19:03 (6th ed.) and Pattern Criminal Jury Instructions Of The Seventh Circuit (2012 Ed.) Instruction 6.02 (modified)

## **Proposed Instruction on Form of Verdict**

Verdict forms have been prepared for you. You will take these forms with you to the jury room.

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the appropriate verdict forms. Each of you will sign it.

On that verdict form the following sentence is written: "We, the jury, find Defendant, Jason T. Gmoser, _____ of [Engaging in a Child Exploitation Enterprise, Conspiracy to Advertise Child Pornography, Conspiracy to Distribute Child Pornography], as charged in Count [One, Two or Three] of the indictment." In that blank your foreperson will write your unanimous verdict when you reach it. You may unanimously reach one of three verdicts: "guilty," "not guilty" or "not guilty only by reason of insanity."

If you unanimously find that the government has proven each element of the offense beyond a reasonable doubt, the foreperson will write "guilty" on the verdict form.

If you unanimously find that the government has not proven each element of the offense beyond a reasonable doubt, your foreperson will write "not guilty."

If you unanimously find that the government has proven each element of the offense beyond a reasonable doubt, but unanimously agree that the defendant has proven the defense of insanity by clear and convincing evidence, then your foreperson will write "not guilty only by reason of insanity."

22

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, the deputy clerk will read the verdicts aloud.

Government's instruction No. 47-A

O'Malley, Fed. Jury Prac. & Instr. § 20:02 (6th ed.), Pattern Criminal Jury Instructions of the Seventh Circuit (2012 ed.) Instruction 7.02 (modified)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 14-CR-20048-004 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | IN VIOLATION OF: |
| | ) | 18 U.S.C. § 2252A(g); |
| JASON T. GMOSER, | ) | 18 U.S.C. § 2251(d)(1)(A); |
| | ) | 18 U.S.C. § 2252(a)(2) |
| Defendant. | ) | |

**V E R D I C T**

WE, THE JURY, FIND THE DEFENDANT, JASON T. GMOSER,

_____ OF ENGAGING IN A
(GUILTY/NOT GUILTY/NOT GUILTY ONLY BY REASON OF INSANITY)

CHILD EXPLOITATION ENTERPRISE AS CHARGED IN COUNT ONE OF THE

INDICTMENT.


DATE:_____


_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____
                                      FOREPERSON

24

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 14-CR-20048-004 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | IN VIOLATION OF: |
| | ) | 18 U.S.C. § 2252A(g); |
| JASON T. GMOSER, | ) | 18 U.S.C. § 2251(d)(1)(A); |
| | ) | 18 U.S.C. § 2252(a)(2) |
| Defendant. | ) | |

**V E R D I C T**

WE, THE JURY, FIND THE DEFENDANT, JASON T. GMOSER,

_____ OF CONSPIRACY TO
(GUILTY/NOT GUILTY/NOT GUILTY ONLY BY REASON OF INSANITY)

ADVERTISE CHILD PORNOGRPAHY AS CHARGED IN COUNT TWO OF THE

INDICTMENT.


DATE:_____


_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
                                       FOREPERSON


25

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

UNITED STATES OF AMERICA,    )
    )  Case No. 14-CR-20048-004
    Plaintiff,    )
    )
    v.    )  IN VIOLATION OF:
    )  18 U.S.C. § 2252A(g);
JASON T. GMOSER,    )  18 U.S.C. § 2251(d)(1)(A);
    )  18 U.S.C. § 2252(a)(2)
    Defendant.    )

**V E R D I C T**

WE, THE JURY, FIND THE DEFENDANT, JASON T. GMOSER,

_____ OF CONSPIRACY TO
(GUILTY/NOT GUILTY/ NOT GUILTY ONLY BY REASON OF INSANITY)

DISTRIBUTE CHILD PORNOGRAPHY AS CHARGED IN COUNT THREE OF THE

INDICTMENT.


DATE:_____


_____    _____


_____    _____


_____    _____


_____    _____


_____    _____


_____    _____
    FOREPERSON


26

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 3, 2016, I electronically filed the forgoing response with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

<u>s/Elly M. Peirson</u>
Elly M. Peirson, IL Bar No. 6298075
Assistant United States Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
elly.peirson@usdoj.gov