UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>JASON T. GMOSER, )<br>   f/k/a John Doe #4, )<br> )<br>Defendant. ) | Case No.  14-CR-20048-004 |

**THE UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF ITS POSITION TO VACATE THE LESSER-INCLUDED COUNTS**

This Court should use its discretion to vacate the lesser-included conspiracy counts in this case and preserve the jury's verdict on engaging in a child exploitation enterprise. This common-sense approach effectuates Congressional intent to punish child exploitation enterprises more significantly than mere conspiracies, fully accounts for the scope of Jason Gmoser's individual and collective conduct, and is consistent with the treatment of similar cases by courts around the country.

**I.    Procedural History[1]**

Gmoser was charged in a third-superseding indictment with engaging in a child-exploitation enterprise, in violation of 18 U.S.C. § 2252A(g) (Count 1), conspiring to advertise child pornography, in violation of 18 U.S.C. § 2251(d)(1)(A) (Count 2), and

---

[1] Our citations to the record use the following abbreviations: "R." followed by a number refers to the document bearing that number on the district court's docket sheet in criminal case (2:14-cr-20048-004); references to Government Exhibits are to the exhibits admitted during the criminal trial and "Sent.Tr." means the transcript of the sentencing hearing of July 15, 2016. The presentence report ("PSR") was revised on multiple occasions; citations are to the final revised PSR, which is found at R. 216.

conspiring to distribute child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count 3). R. 58.  The enterprise charge required proof that Gmoser "committed at least three predicate crimes against children 'in concert' with three other people."*United States v. Gries*, 877 F.3d 255, 257 (7th Cir. 2017). Gmoser's advertising and distributing of child pornography in concert with others served as the predicate offenses for the enterprise charge. *See* R. 58, p. 4. The United States proved Gmoser guilty of Counts 1, 2, and 3 during a week-long jury trial in this case that commenced the week of February 8, 2016. The jury convicted Gmoser on all counts. R. 188.

On appeal, Gmoser identified, as "the sole non-frivolous issue," whether the conspiracy convictions are lesser-included offenses of the enterprise conviction. By joint motion, the parties requested that the appellate court enter an order summarily reversing the judgment and remanding the case to the district court, based on the Seventh Circuit's recent opinion in *Gries*.   The court of appeals did so on January 11, 2018. R. 32 in Case No. 16-3054 (7th Cir. 2018).

At a status conference on April 6, 2018, this Court directed the parties to prepare memorandum supporting each side's position on which of the counts should be dismissed.   For the reasons argued herein, the government moves this Court to dismiss the lesser-included offenses in Counts 2 and 3, and proceed to sentencing on Count 1.

## II.   The Defendant's Conduct

As the Court noted at the sentencing hearing, "this was a hard-fought trial." Sent.Tr. 59. Gmoser was one of a small handful of leaders of a vast, global and

technologically sophisticated conspiracy to promote the sexual abuse of children and the trafficking of child pornography through a prolific online bulletin board ("the Website"). PSR ¶17-24.  By July of 2014, the Website was the largest and most sophisticated members-only child pornography website in existence -- boasting nearly 30,000 members, with Gmoser's contribution exceeding 2,000 postings. PSR ¶23, 28.  The Website operated on the Tor anonymity network and required its users to upload and share child pornography to gain and keep membership or advance in status. PSR ¶18-22.  As an active part of the administrative staff, Gmoser enforced the rules of the board, reprimanded members for violations of the rules, promoted members (giving them more access to the fruits of the crime) and recruited new producers.

In addition to the administrative actions detailed in the PSR (¶33-34), the United States also presented evidence to the jury showing the defendant's authority, dominion and control over the various members' access to the board. *See* Trial Exhibit 3B (showing moderator actions such as reprimanding a member for posting the same material twice and correcting password errors to allow members to access the fruits of the crime); Trial Exhibit 18 (indicating that Gmoser has taken sole responsibility for VIP upgrades); and Trial Exhibit 8B-17(showing the level of sophistication Gmoser exhibited by engaging in multiple actions simultaneously to advance the goals of the criminal enterprise).  The government proved that Gmoser's conduct reached beyond a mere conspiracy – rather, he shared in the administration of a massive global enterprise of child exploitation.

### III.   Legal Framework and Analysis

####   A.   The Impact of the *Gries* Decision.

In *United States v. Gries*, the defendants were convicted of three offenses: engaging in a child-exploitation enterprise, conspiring to sexually exploit a child by advertising child pornography, and conspiring to distribute and receive child pornography. 872 F.3d at 257. The "two conspiracies charged in [the] case – a child-pornography conspiracy and child-exploitation conspiracy – served as predicates for the enterprise charge. The facts necessary to prove the two conspiracies were wholly incorporated into the enterprise count; the jury's verdict establishes as much." *Id.* at 259. Applying *Rutledge v. United States*, 517 U.S. 292, 307 (1996), the court of appeals found "the conspiracy offenses [were] lesser-included offenses of the enterprise count." *Id.* Because a "lesser-included offense nests within the greater offense," *id.* at 258, the conspiracy convictions "should have been merged with the enterprise conviction prior to the imposition of sentence." *Id.* at 259.

The court of appeals accordingly remanded *Gries* to the district court with instructions to the district court to exercise its discretion, "to vacate either the convictions on the greater offense or the convictions on the lesser-included offenses." *Id.* at 260 (citing *Lanier v. United States*, 220 F.3d 833, 841 (7th Cir. 2000)("[W]hen the presumption against double punishment requires invalidation of the conviction for either the greater or lesser offense, the choice of which conviction to vacate rests with the sound discretion of the district court.") and *United States v. Fischer*, 205 F.3d 967, 970 n.2 (7th Cir. 2000) ("[W]hen

4

a defendant is convicted of an offense *and* a lesser-included offense, the district court should decide which conviction to vacate.")).

This case is indistinguishable from *Gries*. The charged conspiracies are nearly identical and the facts necessary to prove the two conspiracies were wholly incorporated into the enterprise count.[2] As a result, the parties agreed that remand was appropriate in this case.

### B. This Court Should Dismiss the Lesser-Included Counts.

The Court should exercise its discretion to dismiss the lesser-included counts for at least three reasons: *first*, that common-sense approach effectuates Congressional intent to punish child exploitation enterprises more significantly than mere conspiracies; *second*, it best accounts for the scope of Jason Gmoser's individual and collective conduct; and *third*, it is consistent with the treatment of similar cases by courts around the country.

As opposed to a mere conspiracy, conviction for the offense of engaging in a child exploitation enterprise requires proof of – and therefore reflects the greater criminal culpability involved in – engagement with three or more co-conspirators; the commission of at least three felony child exploitation violations; and the victimization of more than one victim. Congress determined that those heightened elements should come with a correspondingly stricter criminal penalty – a mandatory minimum of 20 years

---

[2] We note that the conspiracy to distribute child pornography in this case was in violation of § 2252(a)(2), while the conspiracy to distribute child pornography in *Gries* was in violation of § 2252A(a)(2). 872 F.3d at 473. This does not alter the analysis.

imprisonment and maximum of life imprisonment, as opposed to respective minimums of 15 and 5 years and maximums of 30 and 20 years for conspiracies to advertise and distribute child pornography. In sentencing Gmoser to life in prison – a sentence greater than the respective maximum penalties available on the lesser-included charges – this Court implicitly recognized that Gmoser's enterprise conduct warranted the maximum available penalty under that greater statute. That in itself is good reason for the Court to exercise its discretion to dismiss the lesser-included charges.

The heightened public safety concerns of child exploitation enterprises that lead to those amplified elements and penalties are starkly evident by looking at Gmoser's participation in his criminal organization – which boasted nearly 30,000 members, including one head administrator, four site administrators, and eight co-administrators (including Gmoser and three of Gmoser's co-defendants). Gmoser was integral to the success of that pernicious criminal enterprise which preyed on countless children. He played a prominent role in recruiting, directing and ensuring the success of this extensive operation. The United States presented evidence at trial of postings/messages the defendant made to members promoting their status, thereby giving them more access to the fruits of the organization. In addition, the defendant warned members about how to maintain their anonymity and security ensuring the success of the criminal organization. The enterprise conviction therefore encompasses both the breadth and depth of Gmoser's individual and collective conduct and effectuates Congressional intent to punish exactly that sort of collective conduct more severely.

Although appellate opinions addressing double jeopardy challenges to convictions for both child exploitation enterprise under 18 U.S.C. § 2252A(g) and lesser-included conspiracy counts are limited, courts that have considered this issue have consistently found conspiracy convictions to be lesser offenses that "are subsumed within [the] convictions for a child exploitation enterprise because § 2252A(g)'s requirement that at least three individuals act 'in concert' to form an 'enterprise' is essentially a conspiracy…." *United States v. Wayerski*, 624 F.3d 1342, 1351 (11th Cir. 2010) (vacating the judgment as to the conspiracy count, but maintaining the enterprise conviction); *see also United States v. McGarity*, 669 F.3d 1218, 1254 (11th Cir. 2012) (same); *but see United States v. Grovo*, 653 F. App'x 512, 515 (9th Cir. 2016), *cert. denied,* 137 S. Ct. 1112, 197 (rejecting defendants' arguments that conspiracy to advertise child pornography is a lesser included offense of child exploitation enterprise). These courts have commonly analogized to the Continuing Criminal Enterprise statute, 21 U.S.C. § 848(c), which has a longer history of established case law.   Under that statute, courts' conclusions have been largely the same on this issue – that is, courts have dismissed the lesser-included conspiracy count, while maintaining the enterprise count. *See e.g. United States v. Fischer*, 205 F.3d 967, 970 (7th Cir. 2000) (collecting cases and noting that defendant could not cite to "a single case where [any appellate court] held that it was an abuse of discretion … to vacate the lesser-included conspiracy conviction," instead courts have found that it was "*not* an abuse of discretion for the district court to vacate the lesser-included conspiracy conviction and let the CCE conviction stand.") (emphasis in original); *United States v.*

7

*Fields*, 72 F.3d 1200, 1209 (5th Cir. 1996) (vacating the lesser-included conspiracy count, but maintaining the continuing criminal enterprise conviction); *United States v. Dixon*, 132 F.3d 192, 196 (5th Cir.1997) (same); *United States v. Boyd,* 131 F.3d 951, 954–55 (11th Cir. 1997)(same); *United States v. Avery*, 128 F.3d 966, 972 (6th Cir .1997)(same); *United States v. Miller,* 116 F.3d 641, 678 (2d Cir. 1997)(same); *United States v. Jones*, 101 F.3d 1263, 1268 (8th Cir. 1996)(same).

There is good reason for this Court to follow suit and dismiss the lesser-included conspiracy counts. As this Court noted, "Count 1 is, in my view, the heavy hitter" and the most serious conviction. Sent.Tr.59. Dismissing the greater offense would mark this case as an outlier without any persuasive reason to do so. Rather, Gmoser should be held accountable for the size and scope of this criminal organization and sentenced accordingly. Gmoser and his co-conspirators operated and administered a sophisticated, global enterprise dedicated to the advertisement and dissemination of child pornography. It catered to the worst-of-the-worst online child exploitation offenders, including numerous child pornography producers who were actively abusing children. Gmoser, and his co-conspirators, also went to great lengths to hide their conduct from law enforcement -- not only using hidden services on the Tor anonymity network to mask his conduct, but also protecting his collection of the most gruesome and violent images of child pornography torture available with an elaborate encryption program. This Court heard testimony that his vast child pornography collection included the largest amount of media several veteran law enforcement officers had ever seen.

8

Dismissing the lesser-included offenses, while maintaining the enterprise count, accomplishes the sentencing goal of holding Gmoser fully accountable for his criminal conduct.

**IV.  Conclusion**

Therefore, the United States urges this Court to dismiss the lesser-included conspiracy counts (Counts 2 and 3), and maintain Gmoser's conviction on Count 1, engaging in a child exploitation enterprise.

Respectfully submitted,

JOHN E. CHILDRESS
UNITED STATES ATTORNEY

*s/Elly M. Peirson*
Elly M. Peirson, IL Bar No. 6298075
Assistant United States Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
elly.peirson@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*s/Elly M. Peirson*
Elly M. Peirson, IL Bar No. 6298075
Assistant United States Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
elly.peirson@usdoj.gov
