# UNITED STATES DISTRICT COURT
For the
CENTRAL DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CASE NO. 14-CR-20048-004 |
| | ) | |
| JASON T. GMOSER | ) | |

### NOTICE OF APPEAL

NOTICE is hereby given that Jason Gmoser appeals to the United States Court of Appeals for the Seventh Circuit from the jury verdicts entered on February 12, 2016, Judgment in a Criminal Case entered on July 20, 2016, and the Amended Judgment in a Criminal Case entered on April 5, 2021, in the above case in Illinois Central District. Counsel is also filing a Motion to Appeal in Forma Pauperis, with the appropriate affidavit. Counsel has also filed the appropriate request for the transcripts to be prepared.

PREPARED BY:

_____

Bradley M. Kraemer (0070329)

Caparella-Kraemer & Associates, LLC

Attorney for Defendant

4841 A Rialto Road

West Chester, Ohio 45069

Telephone: (513)942-7222

Facsimile:    (513)942-6444

Email: Bradley@cklawoh.com



DATE ENTERED:

E-FILED
Friday, 12 February, 2016 04:23:07 PM
Clerk, U.S. District Court, ILCD

FEB 12 2016
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 14-CR-20048-004 |
| Plaintiff, ) | |
| ) | |
| v. ) | IN VIOLATION OF: |
| ) | 18 U.S.C. § 2252A(g); |
| JASON T. GMOSER, ) | 18 U.S.C. § 2251(d)(1)(A); |
| ) | 18 U.S.C. § 2252(a)(2) |
| Defendant. ) | |

**VERDICT**

WE, THE JURY, FIND THE DEFENDANT, JASON T. GMOSER,

___Guilty_____ OF ENGAGING IN A

(GUILTY/NOT GUILTY/NOT GUILTY ONLY BY REASON OF INSANITY)

CHILD EXPLOITATION ENTERPRISE AS CHARGED IN COUNT ONE OF THE

INDICTMENT.


DATE: 02/12/16

s/Juror                                s/Juror

s/Juror                                s/Juror

s/Juror                                s/Juror

s/Juror                                s/Juror

s/Juror                                s/Juror

s/Juror                                s/Foreperson

                                       FOREPERSON

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

FILED
FEB 12 2016
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 14-CR-20048-004 |
| ) | |
| v. ) | IN VIOLATION OF: |
| ) | 18 U.S.C. § 2252A(g); |
| JASON T. GMOSER, ) | 18 U.S.C. § 2251(d)(1)(A); |
| ) | 18 U.S.C. § 2252(a)(2) |
| Defendant. ) | |

## VERDICT

WE, THE JURY, FIND THE DEFENDANT, JASON T. GMOSER,

__Guilty_____ OF CONSPIRACY TO

(GUILTY/NOT GUILTY/NOT GUILTY ONLY BY REASON OF INSANITY)

ADVERTISE CHILD PORNOGRPAHY AS CHARGED IN COUNT TWO OF THE

INDICTMENT.

DATE: 02/12/16

s/Juror                                    s/Juror

s/Juror                                    s/Juror

s/Juror                                    s/Juror

s/Juror                                    s/Juror

s/Juror                                    s/Foreperson

                                           FOREPERSON

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

FILED
FEB 12 2016
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JASON T. GMOSER,<br><br>　　　　Defendant. | )<br>)  Case No. 14-CR-20048-004<br>)<br>)<br>)  IN VIOLATION OF:<br>)  18 U.S.C. § 2252A(g);<br>)  18 U.S.C. § 2251(d)(1)(A);<br>)  18 U.S.C. § 2252(a)(2)<br>) |

## VERDICT

WE, THE JURY, FIND THE DEFENDANT, JASON T. GMOSER,

__Guilty_____ OF CONSPIRACY TO

(GUILTY/NOT GUILTY/ NOT GUILTY ONLY BY REASON OF INSANITY)

DISTRIBUTE CHILD PORNOGRAPHY AS CHARGED IN COUNT THREE OF THE

INDICTMENT.

DATE: __02/12/16__

s/Juror　　　　　　　　　　　　　s/Juror

s/Juror　　　　　　　　　　　　　s/Juror

s/Juror　　　　　　　　　　　　　s/Juror

s/Juror　　　　　　　　　　　　　s/Juror

s/Juror　　　　　　　　　　　　　s/Juror

s/Juror　　　　　　　　　　　　　s/Foreperson

　　　　　　　　　　　　　　　　　FOREPERSON

AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 1

E-FILED
Wednesday, 20 July, 2016 12:03:24 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
Central District of Illinois

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| JASON THOMAS GMOSER<br>f/k/a John Doe No. 4<br>a/k/a "Argonaut" | )<br>)<br>)<br>) | Case Number: 14-20048-04<br>USM Number: 72612-061<br>Bradley Kraemer and Courtney Caparella-Kraemer<br>Defendant's Attorney |

FILED
JUL 20 2016
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s) 1, 2, and 3 of Third Superseding Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C § 2252A(g) | Engaging in a Child Exploitation Enterprise | 10/7/2014 | 1 |
| 18 U.S.C. § 2251(d)(1)(A)&(e) | Conspiracy to Advertise Child Pornography | 10/7/2014 | 2 |
| 18 U.S.C.§§ 2252(a)(2) and 2252(b)(2) | Conspiracy to Distribute Child Pornography | 10/7/2014 | 3 |

The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s) 1-3 of Super. Ind., 1-3 of Second Super. Ind. ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/15/2016
Date of Imposition of Judgment

s/ Colin S. Bruce
Signature of Judge

COLIN S. BRUCE, U.S. District Judge
Name and Title of Judge

July 20, 2016
Date

AO 245B (Rev. 10/15) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __5__

DEFENDANT: JASON THOMAS GMOSER f/k/a John Doe No. 4 a/k/a "Argonaut"
CASE NUMBER: 14-20048-04

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Remainder of Natural Life.  Said term shall consist of life as to Count 1, 30 years as to Count 2, and 20 years as to Count 3, all terms to be served concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

1) It is recommended that he serve his sentence in a facility that will allow him to participate in sex offender treatment and maximize his exposure to educational and vocational opportunities. 2) It is recommended that the defendant serve his sentence in a facility as close to his family in Butler County, Ohio, as possible. *Note: If there is conflict between the two recommendations, recommendation # 1 is the priority.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page **3** of **5**

DEFENDANT: JASON THOMAS GMOSER f/k/a John Doe No. 4 a/k/a "Argonaut"
CASE NUMBER: 14-20048-04

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Should the defendant ever be released from custody, he is to serve a lifetime term of Supervised Release. Said term shall consist of life as to Count 1, life as to Count 2, and life as to Count 3, all to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

An eve of release hearing will be set within 30 days prior to release, or as soon as practicable, to determine appropriate conditions of supervised release.

AO 245B (Rev. 10/15) Judgment in a Criminal Case 2:14-cr-20048-CSB #220 Page 4 of 5
Sheet 5 — Criminal Monetary Penalties

Judgment — Page **4** of **5**

DEFENDANT: JASON THOMAS GMOSER f/k/a John Doe No. 4 a/k/a "Argonaut"
CASE NUMBER: 14-20048-04

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| [redacted] | | | |
| [redacted] | | | |
| [redacted] | | | |
| [redacted] | | | |
| [redacted] | | | |

| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 10/15) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment -- Page 5 of 5

DEFENDANT: JASON THOMAS GMOSER f/k/a John Doe No. 4 a/k/a "Argonaut"
CASE NUMBER: 14-20048-04

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 300.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    Pursuant to 18 U.S.C. § 982, the defendant shall forfeit any interest in visual depictions of child pornography and any property used to commit the offenses.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 1

(NOTE: Identify Changes with Asterisks (*))

E-FILED
Monday, 05 April, 2021 04:52:28 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
### CENTRAL District of ILLINOIS

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| Jason T. Gmoser f/k/a John Doe No. 4, a/k/a "Argonaut" | Case Number: 14-CR-20048-004 |
| | USM Number: 72612-061 |
| | Bradley Michael Kraemer |
| | Defendant's Attorney |

FILED APR -5 2021 CLERK U.S. DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS

**Date of Original Judgment:** 7/20/2016
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
- [x] Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- [ ] Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- [ ] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- [ ] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- [ ] Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- [ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- [ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- [ ] Direct Motion to District Court Pursuant [ ] 28 U.S.C. § 2255 or [ ] 18 U.S.C. § 3559(c)(7)
- [ ] Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- [ ] pleaded guilty to count(s) _____
- [ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.
- [x] was found guilty on count(s) 1,2, and 3 of Third Superseding Indictment  On July 9, 2018, the court vacated convictions in ct. 2 & 3 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(g) | Engaging in a Child Exploitation Enterprise | 10/7/2014 | 1ss |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s) _____
- [x] Count(s) 1-3 of Super. Ind., 1-3 of Second Super. Ind. [ ] is [x] are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/31/2021
Date of Imposition of Judgment

s/James E. Shadid
Signature of Judge

James E. Shadid                U.S. District Judge
Name of Judge                  Title of Judge

4-5-21
Date

| AO 245C | (Rev. 09/11) Amended Judgment in a Criminal Case |
|---|---|
| | Sheet 2 — Imprisonment |

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: Jason T. Gmoser f/k/a John Doe No. 4, a/k/a "Argonaut"
CASE NUMBER: 14-CR-20048-004

Judgment — Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of

*360 months.

☑ The court makes the following recommendations to the Bureau of Prisons:

*It is recommended that the defendant serve his sentence in a facility as close to his family in Butler County, Ohio, as possible. It is further recommended that he serve his sentence in a facility that will allow him to participate in sex offender treatment, mental health treatment, and maximize his exposure to educational and vocational opportunities.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
DEPUTY UNITED STATES MARSHAL

| AO 245C | (Rev. 09/11) Amended Judgment in a Criminal Case | |
|---|---|---|
| | Sheet 3 — Supervised Release | (NOTE: Identify Changes with Asterisks (*)) |

DEFENDANT: Jason T. Gmoser f/k/a John Doe No. 4, a/k/a "Argonaut"
CASE NUMBER: 14-CR-20048-004

Judgment—Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

*Should the defendant ever be released from custody, he is to serve a lifetime term of Supervised Release.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the following conditions:

*1. The defendant shall not knowingly leave the federal judicial district without the permission of the court or probation officer.
*2. You shall report to the probation office in the district to which you are released within 72 hours of release from custody. You shall report to the probation officer in a reasonable manner and frequency as directed by the court or probation officer.
*3. The defendant shall follow the instructions of the probation officer as they relate to the defendant's conditions of supervision. Any answers the defendant gives in response to the probation officer's inquiries as they relate to the defendant's conditions of supervision must be truthful. This condition does not prevent the defendant from invoking his Fifth Amendment privilege against self-incrimination.
*4. The defendant shall notify the probation officer at least ten days prior, or as soon as knowledge is gained, to any change of residence or employment which would include both the change from one position to another as well as a change of workplace.
*5. The defendant shall permit a probation officer to visit him or her at any time at home between the hours of 6 a.m. and 11 p.m., except such visits may be conducted at any time if the probation officer has reasonable suspicion to believe that the defendant is in violation of a condition of supervised release or the defendant has reported, either directly or through a third party, that he is unable to comply with a directive of the probation officer because of an emergency or illness. During such visit, the defendant shall permit confiscation of any contraband observed in plain view of the probation officer.
*6. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
*7. The defendant shall attempt to secure regular and lawful employment, unless excused by the probation office for schooling, training, or other acceptable reasons. The defendant shall keep the probation officer advised of any changes in his employment status.
*8. As directed by the probation officer, the defendant shall participate in a psychological and behavioral testing, evaluation, and assessment program for the treatment and monitoring of sex offenders and a sex-offender group and/or individual counseling program. The defendant shall comply with all of the requirements and restrictions of such programs. The defendant shall submit to physiological testing, including polygraph, as directed by the treatment provider. The defendant shall participate in psychiatric services and/or a program of mental health. The defendant shall pay for such services, if financially able, as directed by the U.S. Probation Office.
*9. You shall not purchase, possess, use, distribute, or administer any controlled substance or psychoactive substances that impair physical or mental functioning except as prescribed by a physician. You shall, at the direction of the U.S. Probation Office, participate in a program for substance abuse treatment including not more than six tests per month to determine whether you have used controlled substances. You shall abide by the rules of the treatment provider. You shall pay for these services, if financially able, as directed by the U.S. Probation Office.
*10. As long as restitution remains outstanding, you shall provide the U.S. Probation Office access to any requested financial information including both your business and personal income tax returns.

| | |
|---|---|
| AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case<br>Sheet 3A — Supervised Release | (NOTE: Identify Changes with Asterisks (*)) |

DEFENDANT: Jason T. Gmoser f/k/a John Doe No. 4, a/k/a "Argonaut"
CASE NUMBER: 14-CR-20048-004

Judgment—Page 4 of 6

## ADDITIONAL SUPERVISED RELEASE TERMS

*11. You shall not knowingly associate with; have verbal, written, telephonic, or electronic communication with; or have physical contact with any individual under the age of 18 except: (1) in the presence of an adult who is aware of the nature of your background and current offense, and who has been approved by the U.S. Probation Office; (2) in the course of normal commercial business; or (3) in other cases of unintentional and incidental contact.

*12. You shall participate with the U.S. Probation Office's Computer and Internet Monitoring Program (CIMP) during your term of supervision. The monitoring program will start as soon as possible after your supervision term begins. You shall sign the rules of the Computer Internet and Monitoring Program and comply with the conditions of this program. During this time, you shall install filtering software on any computer you possess or use which will monitor access to websites that depict sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A) and (B). You shall allow the U.S. Probation Office unannounced access to any computer you possess or use to verify that the filtering software is functional. You shall pay for the cost of the filtering software, if financially able, as directed by the U.S. Probation Office.

*13. If there is reasonable suspicion to believe that you are in violation of a condition of supervised release related to the receipt, transmission, or possession of any illegal material that depicts sexually explicit conduct, or any violation of the Computer and Internet Monitoring Program, or any violation of his sex offender treatment program, you shall submit to the search of your person, automobile, and property under your control by the U.S. Probation Office. You shall also allow the U.S. Probation office to conduct periodic unannounced examinations between the hours of 6:00 a.m. and 11:00 p.m., unless investigating a violation or in case of an emergency, of your computer equipment, Internet capable devices, similar electronic devices, related computer peripherals, which may include retrieval and copying of all data from your device to ensure compliance with this condition, and/or removal of such equipment for the purpose of conducting a more thorough inspection.

*14. You shall not knowingly use the Internet or visit any website, including chat rooms or bulletin boards, to view material depicting sexually explicit conduct as defined in 18 U.S.C. §2256(2)(A) and (B).

*15. You shall register with the state sex offender registration agency in any state where you reside, are employed, carry on a vocation, or are a student, as directed by the probation office.

*16. You shall participate in psychiatric services and/or a program of mental health counseling/treatment as directed by the U.S. Probation Office and shall take any and all prescribed medications as directed by the treatment providers. You shall pay for these services, to the extent you are financially able to pay. The U.S. Probation Office shall determine your ability to pay and any schedule for payment, subject to the Court's review upon request. You shall not be deemed financially able to pay if, at the time you begin receiving psychiatric services or mental health counseling or treatment, you would qualify for Court-appointed counsel under the Criminal Justice Act.

| AO 245C | (Rev. 09/11) Amended Judgment in a Criminal Case |
|---|---|
| | Sheet 5 — Criminal Monetary Penalties |

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: Jason T. Gmoser f/k/a John Doe No. 4, a/k/a "Argonaut"
CASE NUMBER: 14-CR-20048-004

Judgment — Page __5__ of __6__

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $             0.00 | $             0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

  ☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: Jason T. Gmoser f/k/a John Doe No. 4, a/k/a "Argonaut"
CASE NUMBER: 14-CR-20048-004

Judgment — Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.